FILED

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

' 2016 JUN 21  A 8 31

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:16cr32 |
| | ) | |
| v. | ) | The Honorable Anthony J. Trenga |
| | ) | |
| CURTIS JORDAN DOTSON, | ) | Sentencing:   June 21, 2016 |
| | ) | |
| Defendant. | ) | **UNDER SEAL** |

**POSITION OF THE DEFENDANT WITH REPSECT TO SENTENCING**

Your Defendant, Curtis Jordan Dotson, through undersigned counsel, in accord with

applicable laws and regulations, files this memorandum in support of his request for a sentence

which makes a substantial downward departure from the Sentencing Guidelines range identified

in the Presentence Report. The Defendant objects to two factual elements contained in the

Presentence Report, as outlined below. Neither the Presentence Report, nor representations made

by the United States adequately credits the Defendant for his efforts to assist law enforcement in

the investigation of known drug dealers. The Defendant's pre-arrest cooperation with law

enforcement, his timely acceptance of responsibility and guilty plea, as well as other factors,

warrant a substantial departure from the sentencing range of 121 to 151 months, and the

Defendant respectfully requests this Court impose a sentence of no more than 60 months. The

defendant further requests the Court recommend that he be considered by the Bureau of Prisons

for placement in the Residential Drug Abuse Program, as well as placement in a facility with

inmate occupational training in a cosmetology-related field, as Defendant has incomplete

training in that field, and completion of his training while in federal custody will better prepare

him for a smooth transition after his release.

**Argument**

Although the Sentencing Guidelines must be considered by a sentencing court, they are merely advisory, as *United States v. Booker* makes clear that any provision of the federal sentencing statute purporting to bind the sentencing court must be severed and excised, rendering the Sentencing Guideline "effectively advisory." 543 U.S. 220, 125 S. Ct. 738, 756-757. The remaining statute "requires a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well." *Id.*

This Court's consideration of other statutory factors, and in particular the "nature and circumstances of the offense and the history and characteristics of the defendant," and the need for the sentence to deter further criminal conduct, protect the public from further criminal acts of the defendant, and to provide the defendant with effective services, do not militate in favor of long sentence. 18 U.S.C. § 3553(a)(1) & (2).

**A. The Defendant Provided Abundant Assistance to Law Enforcement.**

In or about May, 2015, law enforcement investigators contacted the Defendant to notify him of their knowledge of his criminal activity, and requested that he aid them in the investigation of persons involved in the trafficking of illegal drugs in this region. The Defendant, despite not having yet been arrested or charged, immediately agreed to cooperate. The Defendant provided the names of persons with whom he had contact during the period in which he engaged in the activity which lead to the instant conviction. He reviewed hundreds of photos to identify persons known to him. He voluntarily gave up telephones, account records, and other valuable information. He was asked to, and agreed to set up controlled drug buys. He agreed to record multiple phone conversations with other persons suspected of engaging in drug dealing activity. He recorded in-person conversations at the direction of investigators. Even after the Defendant

began receiving threatening messages in connection with his suspected assistance of law enforcement, he continued to provide aid to investigators. Despite his growing fear, at the request of law enforcement, the Defendant initiated contact with persons who had previously threatened him with extreme violence and robbed him at gun point. Defendant provided information that is believed to have led directly to the arrest of the person who investigators identified to Defendant as their primary target, which arrest took place at a hotel in the Dupont Circle neighborhood of Washington, D.C.

**B.     A Sentence of 121 Months is Excessive in Consideration of the Characteristics of the Defendant.**

All of the Defendant's criminal contacts relate directly to his history of substance abuse. Even the instant offense is directly attributable to the loss of his multi-year sobriety in 2014. After a lengthy period of continuous sobriety, Defendant lapsed. As described in the Presentence Report, Defendant's drug use resulted in the loss of his primary employment. Shortly thereafter is when Defendant admits to becoming involved in selling drugs. Had he maintained his sobriety, it is unlikely that Defendant would have engaged in the conduct which resulted in this conviction.

The Defendant has largely complied with the terms of sentences imposed, including his completion of substance abuse counseling and treatment. His probation violation in Grayson County, Texas is not the result of his refusal to obtain some service or to fulfill some substantial obligation to victims or the court. Rather, because Defendant lacked the resources to maintain residence in a county which was over an hour away from his actual home, he was found to be in violation of a term regarding his residence within that court's jurisdiction.

The goal of sentencing is, among other objectives, to promote respect for the law and

have a deterrent effect on the Defendant and others. The Defendant does not lack respect for the law. A lapse in his sobriety resulted in a chain of events which Defendant found himself unable to stop. The defendant admits that he would benefit greatly from additional substance abuse treatment. A sentence of 121 months is far greater than is necessary in order for the Defendant to obtain such treatment.

The defendant has no prior convictions for any crime of violence, and lacks any recent violent history. The Presentence Report suggests that the Defendant and his sister had a history of physical altercations in and around the time that Defendant was dealing with the aftermath of his own sexual abuse at the hands of a teacher. Defendant acknowledges this, but wishes to deny the mention made of a vague reference made by another family member of inappropriate sexual contact between the Defendant and his sister. Defendant categorically denies any such contact.

The Defendant is otherwise described by all persons contacted in the completion of the Presentence Report as an amiable, caring person with a close relationship with his immediate and extended family. He poses no threat of violence to any person in his family or in the general public, and provided that he is able to maintain sobriety, the Court should feel confident that the likelihood of recidivism is very low.

**Conclusion**

In determining its sentence, the Court should give considerable weight to the actions of the Defendant in aid of law enforcement investigating drug trafficking in the Eastern District of Virginia and elsewhere. Furthermore it should take into account the credible assertion that Defendant's contact with the criminal justice system relate more directly to his struggle with substance abuse, rather than a predisposition to commit criminal acts. For these and the reasons stated above, the Defendant therefore asks this Court to impose a sentence of no more than 60

months, and to recommend to the Bureau of Prisons that the Defendant be considered for

Residential Drug Abuse Program, and for placement in a facility with occupational training

suitable for this Defendant.

Respectfully Submitted,

Curtis Jordan Dotson
By counsel:

Stephen J. Salwierak, Esq.
Virginia Bar No.: 81527
HANOVER LAW, P.C.
2751 Prosperity Avenue, Suite 150
Fairfax, Virginia 22031
Phone: (800) 579-9864
Fax:    (360) 294-2165
Email: StephenSalwierak@HanoverLawPC.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June 2016, the foregoing was served by U.S. Mail and electronically on the following:

Patricia T. Giles
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314

A copy was sent electronically to:

William Byerley
U.S. Probation Officer

Stephen J. Salwierak, Esq.
Virginia Bar No.: 81527
HANOVER LAW, P.C.
2751 Prosperity Avenue, Suite 150
Fairfax, Virginia 22031
Phone: (800) 579-9864
Fax:    (360) 294-2165
Email: StephenSalwierak@HanoverLawPC.com